NOT FOR PUBLICATION

FILED

OCT 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   14-35293 |
| Plaintiff-Appellee, | D.C. No. 3:10-cv-01367-BR |
| v. | |
| DANIEL DENT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted October 6, 2016[**]
Portland, Oregon

Before:  THOMAS, Chief Judge, and CLIFTON and NGUYEN, Circuit Judges.

Daniel Dent appeals the district court's order granting the government

partial summary judgment.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Reviewing de novo, *see Law Offices of Jonathan A. Stein v. Cadle Co.*, 250 F.3d 716, 718 (9th Cir. 2001), we affirm.

The IRS sent Dent a notice of levy instructing him to turn over (1) Thomas and Kathy Weathers's "wages and salary that have been earned but not paid, as well as wages and salary earned in the future until this levy is released"; and (2) their "other income that you have now or for which you are obligated."[1] Dent contends that the notice of levy did not encompass the membership distributions and licensing fees that 911 Management was required to pay the Weatherses each month.

Dent argues that the IRS levied only upon wages, salary, and "other income" and that the Weatherses' rights to the membership distributions and licensing fees were property interests and not "income." Just as "we construe 'salary or wages' . . . in accordance with its plain or natural meaning," *United States v. Wanland*, No. 14-10170, 2016 WL 4011175, at *6 (9th Cir. July 27, 2016), we construe "income" as it is commonly understood.

---

[1] The notice was addressed to 911 Management, LLC, the company Dent managed for the Weatherses. Dent was personally liable for discharging 911 Management's obligation to the IRS. *See* 26 U.S.C. § 6332(d), (f). The IRS sent a second notice regarding a "functionally identical" levy on Kathy Weathers's income. Dent refers to a single levy, as do we.

"Income" is a broad term that includes payments other than wages and salary. *See Income*, *Black's Law Dictionary* (10th ed. 2014) ("The money or other form of payment that one receives, usu[ally] periodically, from employment, business, investments, royalties, gifts, and the like."); *Income*, Merriam-Webster.com, http://www.merriam-webster.com/dictionary/income (last visited Oct. 6, 2016) ("[A] gain or recurrent benefit usually measured in money that derives from capital or labor . . . ."). The membership distributions and licensing fees fall well within the scope of "income."

Dent also argues that the levy did not have a continuing effect on the monthly membership distributions because at the time he received notice, 911 Management "did not owe [Kathy Weathers] anything in the future, other than a right to determine if a distribution could be made, and if so then to make a distribution." He maintains that "he had already made a membership distribution . . . for the current month" and that he "owed [her] nothing beyond a duty to reassess the propriety of making a membership distribution the next month."

In contrast to a levy on a taxpayer's wages and salary, which has a continuous effect until the levy is released, 26 U.S.C. § 6331(e), a levy on other

3

payment obligations "extend[s] only to property possessed and obligations existing at the time thereof," *id.* § 6331(b). "Obligations exist when the liability of the obligor is fixed and determinable although the right to receive payment thereof may be deferred until a later date." 26 C.F.R. § 301.6331-1(a)(1).

Dent's obligation to pay future membership distributions was fixed at the time he received notice of the levy because it was created by 911 Management's operating agreement. "Although what sum, if any, would be ultimately paid to [Kathy Weathers] was uncertain at the time the notice of levy was served, this uncertainty does not defeat the fact that [911 Management's] obligation was 'determinable.' Unlike a requirement that the extent of an obligation be 'determined,' the term 'determinable' requires only that the sum be capable of precise measurement in the future." *United States v. Hemmen*, 51 F.3d 883, 890 (9th Cir. 1995) (citing *Reiling v. United States*, 77-1 USTC (CCH) ¶ 9269, 1977 WL 1094 (N.D. Ind. 1977)).

Dent cites several Washington statutes permitting LLCs to make distributions to members provided the distributions do not leave the LLC unable to pay its debts or with liabilities exceeding its assets, *e.g.*, Wash. Rev. Code § 25.15.235 (2015). These statutes merely confirm that Kathy Weathers's right to

4

the membership distributions was contingent on 911 Management's statutory obligation to remain solvent. Whether the distributions were fixed and determinable obligations at the time of the levy such that the levy attached to them "is a matter of federal law." *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 727 (1985) (citing *United States v. Bess*, 357 U.S. 51, 56-57 (1958)).

**AFFIRMED.**